<u>Continuation of Application for Search Warrant</u>

I, Trevor Arnold, being first duly sworn hereby state as follows:

## INTRODUCTION

1. This continuation is made for the purpose of establishing probable cause in support of a search warrant for the following electronic devices (hereinafter the "Subject Devices")

   a. One (1) black Nokia flip phone. Lansing Police Department 2451902176 Item #21

   b. One (1) black iPhone. Lansing Police Department 2451902176, Item #20.

The categories of electronically stored information and evidence sought are described in Attachment B.

2. Based on the information set forth below, there is probable cause to believe that evidence of the following federal criminal offenses will be found on the Subject Devices:

   a. Felon in possession of firearm/ammunition, in violation of Title 18 United States Code, Section 922(g);

   b. Conspiracy and attempt to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846;

   c. Possession with intent to distribute and distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and

   d. Possession of controlled substances, in violation of Title 21, United States Code, Section 844.

1

3. This Application requests the issuance of a warrant to examine the Subject Devices, which were seized on March 8, 2024, during a U.S. Probation search at 930 Mahlon St., Lansing, Ingham County, Michigan, and that are currently secured and in the custody of the Lansing Police Department Operations Center.

4. I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and I have served as such since June 2022. I have also served as an officer with the Lansing Police Department (LPD) for 17 years. At LPD, I am currently a detective and a member of the department's SWAT team. Throughout my career, I have participated in numerous criminal investigations focused on firearms, firearms traffickers, armed drug traffickers, and criminal street gangs. I have also used a variety of investigative techniques and resources, including physical and electronic surveillance, undercover operations, and various types of informants and cooperating sources. Many of these investigations involved examination of electronic devices such as cell phones to locate additional evidence in support of the investigated offenses.

5. The information set forth in this continuation is based upon my personal knowledge, as well as information provided to me by investigators and witnesses. As this continuation is submitted solely to establish probable cause for the search of the Subject Devices, I have not set forth all of the information known to me or to other law enforcement officers concerning this matter.

6. I know from training and experience that drug traffickers frequently utilize mobile telephones to facilitate drug transactions. Drug traffickers rely upon voice phone services, SMS and MMS text messaging, encrypted applications, social

media instant messaging services (such as Facebook, Instagram, or "X"), and electronic mail apps to communicate with suppliers, customers, and confederates. Mobile telephones are portable, and phone providers often do not require purchasers or users of the devices to provide their true names and/or addresses, so drug traffickers often maintain multiple devices to avoid detection by law enforcement. Mobile phones used by drug traffickers often contain evidence indicative of drug trafficking, including records of drug sales (ledgers or lists); records of incoming and outgoing calls; text messages; audio recordings or voice mail; photographs and/or videos of narcotics, coconspirators, or currency; financial records (MoneyGram, Western Union, cash apps); and, in the case of "smart phones," Global Positioning System ("GPS") data indicating the location of the device at given points in time.

7. I know that individuals who illegally possess firearms and ammunition also often utilize cell phones to acquire, sell, document possession of, and distribute firearms and ammunition utilizing text messaging, photographs/videos (such as "trophy" pictures for bragging), calls, emails, social media, and instant messaging services.

## PROBABLE CAUSE

8. ATF is currently investigating Samuel HERNANDEZ for violations of Title 18, U.S.C. § 922 (g)(1), felon in possession of firearm / ammunition, as well as controlled substances violations.

9. HERNANDEZ is currently being supervised by U.S. Probation following his 2016 conviction for Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and Using and Carrying a Firearm During and

3

in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). HERNANDEZ was sentenced to 30 months on 21U.S.C. 841(a)(1).(b)(1)(C) (Possession with Intent to Distribute Cocaine Base) and 60 months on 18U.S.C.924(c)(1)(A)(i) (Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime). Upon release from imprisonment, HERNANDEZ was ordered to serve a three-year term of supervised release.

10. During the term of his supervised release, HERNANDEZ's probation officer cited him several times for possessing and using controlled substances, including both marijuana and cocaine. In September 2023, HERNANDEZ's drug use led the court to add additional conditions to the terms of HERNDANDEZ's supervised release. These conditions included subjecting HERNANDEZ to a curfew, requiring him to spend three months on electronic monitoring. The court also included a condition that required HERNANDEZ to submit to a search by U.S. Probation of his person, property, house, residence, vehicles, papers, computers, and other electronic data storage devices upon a showing of reasonable suspicion.

11. In February 2024, the U.S. Probation Office Search and Seizure Team (U.S. Probation) received information that HERNANDEZ had been seen with firearms at 930 Mahlon Street, Lansing Ingham County. U.S. Probation began surveillance and came to the belief that HERNANDEZ was living at 930 Mahlon Street and not at his registered probation address.

12. On March 8, 2024, U.S. Probation surveillance observed that HERNANDEZ's vehicle was parked at 930 Mahlon Street. U.S. Probation contacted HERNANDEZ by telephone and requested he come to his registered probation

address (his mother's house, 1311 N. Magnolia, Lansing MI.). U.S. Probation then observed HERNANDEZ exit 930 Mahlon Street, get into his vehicle, and drive in the direction of his registered probation address. U.S. Probation ultimately contacted HERNANDEZ at his registered probation address and transported him back to 930 Mahlon St. At the time, HERNANDEZ was in possession of the keys to 930 Mahlon St. and advised that his dog was locked inside the residence. U.S. Probation then conducted a search of 930 Mahlon Street.

13. During the search of HERNANDEZ's residence (930 Mahlon St.), U.S. Probation located the following items:

   a. One Glock Model 23, .40 caliber firearm, loaded with 13 rounds of ammunition, including one in the chamber, serial number / AESR151;
   b. One AR style magazine;
   c. An extended magazine loaded with 28 rounds of .40 caliber ammunition;
   d. 8 rounds of .45 caliber ammunition;
   e. 25 rounds of 9mm ammunition;
   f. 20 rounds of 7.62 caliber ammunition;
   g. 32 rounds of 9mm ammunition;
   h. 16 white oxycodone pills;
   i. 2.7 grams of marijuana;
   j. Marijuana wax oil;
   k. One black cook plate with suspected drug residue;
   l. Multiple digital scales, at least one of which contained cocaine residue;
   m. Rubber gloves;

n. Baking soda and other items I know to be indicative of efforts to cook powder cocaine into crack cocaine;

o. An empty firearm case;

p. One 7.62 rifle with bayonet, loaded with 9 rounds of ammunition, including one in the chamber, serial number: 0-00022.

q. One Rock Island Armory, .45 caliber, 1911 style pistol loaded with 7 rounds of ammunition, including one in the chamber, bearing serial number: RIA2173651;

r. One plastic bag containing 2.9 grams of powder cocaine;

s. One plastic bag containing 0.5 grams of cocaine base;

t. One Styrofoam cup containing 0.2 grams of methamphetamine;

u. One plastic bag containing 3.8 grams of cocaine;

v. Counterfeit currency;

w. One (1) black Nokia flip phone; and

x. One (1) black iPhone, located on HERNANDEZ's person.

14. ATF Interstate Nexus Expert Special Agent Dustin Hurt advised that the above listed Glock model 23, Rock Island Armory pistol and the 7.62 caliber rifle are considered firearms under federal law and were not manufactured in the State of Michigan.

15. U.S. Probation also found several items in 930 Mahlon establishing proof of residency by HERNANDEZ, including a letter from the Ingham County Prosecutor addressed to him at that address, his primary election absentee ballot, and players club cards from Searing Eagle Casino with the name "Samuel

HERNANDEZ" written on them. While U.S. Probation was at the residence, a package arrived that was addressed to HERNANDEZ at the Mahlon address.

16. U.S. Probation did not find any indication that anyone other than HERNANDEZ resided at the 930 Mahlon Street address. There were multiple bedrooms in the house but there were no beds. The couch in the living room was set up as a makeshift bed.

17. The Nokia flip phone was found in close proximity to firearms and narcotics. U.S. Probation also found an iPhone during a search of HERNDANDEZ's person and vehicle. Probation officers confirmed that the iPhone was the phone that HERNANDEZ used to communicate with his supervising officer.

18. Based on the information set forth, the physical evidence seized, and my knowledge, training, and experience into drug possession and trafficking, I believe that the quantity and variety of drugs and the drug paraphernalia – including multiple digital scales, rubber gloves, and items typically used to cook powder cocaine into crack cocaine – found in the residence is consistent with drug possession and/or trafficking. I respectfully submit that there is probable cause to believe that additional evidence of drug possession and/or trafficking will be found in electronic format on the Subject Devices.

19. Based on the information set forth, the physical evidence seized, and my knowledge, training, and experience into firearms investigations, I also respectfully submit there is probable cause to believe additional evidence of HERNANDEZ being a felon in possession of a firearm / ammunition will be found in electronic format on the Subject Devices.

20. Based on the totality of the circumstances, there is probable cause to believe that those Subject Devices will contain contact lists, telephone logs, photographs and other data that relate to drug trafficking and the illegal possession of firearms / ammunition.

21. The Subject Devices were originally turned over to the Tri County Metro Narcotics Squad in Lansing, Michigan. The Tri-County Metro Narcotics Squad (METRO) is a multi-jurisdictional drug task force operating in Clinton, Eaton, and Ingham Counties. When the investigation was taken over by ATF, I worked with METRO to secure the devices and transport them into my custody. This process, which involved multiple levels of personnel to maintain the chain of custody on the Subject Devices, took several months. However, the Subject Devices are now in storage at the Lansing Police Department Operations Center in Lansing, Michigan and have been since August 8, 2024. The Subject Devices have been stored in a way such that their contents are, to the extent material to this investigation, in substantially the same state as they were when the Subject Devices were first seized by law enforcement.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

22. The warrant applied for would authorize the extraction and copying of electronically stored information, under Rule 41(e)(2)(B).

23. I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

24. *Forensic evidence.* This application seeks permission to locate forensic electronic evidence that establishes how the Subject Devices were used, the purpose of the use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Devices because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file) and

    b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

25. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

26. I respectfully submit that there is probable cause to believe that HERNANDEZ was a previously convicted felon in possession of firearm / ammunition, in violation of Title 18, U.S.C. § 922(g)(1); and engaged in drug trafficking in violation of Title 21, United States Code, Section 846 (conspiracy); and in violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute and distribution of controlled substances).

27. I submit that this application supplies probable cause for a search warrant authorizing the examination of the Subject Devices described in Attachment A to seek the items described in Attachment B.

28. I further request that, since the Subject Devices are in law enforcement custody, the Court authorize the search at any time, day or night.